Cindy Siuhuei Chang, Law Offices of Cindy S. Chang, Walnut, CA, for Petitioner.

Oil, Carmel Aileen Morgan, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

qualify for an exception to the time limitation. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Budi Torang Sihombing, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen or remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of motions to reopen or to remand. *Guzman v. INS*, 318 F.3d 911, 912 n. 1 (9th Cir. 2003). We deny the petition for review.

Sihombing contends the BIA erred in denying his request for further consideration of his application for withholding of removal based on a disfavored group analysis. However, Sihombing does not challenge the BIA's dispositive finding that his motion was untimely and that he did not

**Melwanche ARIEF, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71825.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

David M. Haghighi, Vhf Law Group, LLP, Los Angeles, CA, for Petitioner.

Sunah Lee, OIL, Michelle Gorden Latour, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Sihombing's request for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Melwanche Arief, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Arief does not challenge the agency's dispositive finding that his application is time-barred. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed abandoned). Accordingly, his asylum claim fails.

With respect to his withholding of removal claim, substantial evidence supports the agency's findings that Arief's beating by five unknown individuals does not constitute persecution because the government was not involved, and petitioner did not establish that police were unwilling or unable to control his attackers. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Furthermore, substantial evidence supports the agency's findings that Arief has not met his burden in establishing that it is more likely than not he will suffer future persecution if returned to Indonesia. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003); *Fakhry v. Mukasey*, 524 F.3d 1057, 1065–66 (9th Cir. 2008) (evidence of Senegalese applicant's severe beating and his membership in an opposition group did not compel a finding that it was more likely than not he would be persecuted upon return).

Substantial evidence also supports the agency's findings that Arief has not established that he will be tortured by or with the acquiescence of the Indonesian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008). Accordingly, his CAT claim fails.

Finally, we reject Arief's contention that the IJ should have recused himself and that the IJ impermissibly referred back to the old hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.